UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| R. WAYNE JOHNSON,<br><br>　　　　　Plaintiff,<br>v.<br>STEVEN GRIERSON, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:18-cv-00969-APG-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 4), filed on July 30, 2018.

**I.　Application to Proceed *In Forma Pauperis***

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 plus an additional $50 administrative fee is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security if the plaintiff is granted *in forma pauperis* status by the Court. 28 U.S.C. § 1915(a)(1). To proceed *in forma pauperis*, a plaintiff must submit an *in forma pauperis* application to the Court, accompanied by an *In Forma Pauperis* Financial Certificate and a copy of the plaintiff's prison account statement showing the current balance of the account.

On May 29, 2018, Plaintiff filed a "motion to enforce crime victim rights (restitution) act." *See* ECF No. 1-1. The Court informed Plaintiff that it was unclear if such filing was meant to be a complaint in a civil action, but nonetheless informed him that he did not file an application to proceed *in forma pauperis* or paid the filing fee. The Court instructed Plaintiff to file an application to proceed *in forma pauperis* or pay the filing fee no later than July 27, 2018.

Here, on July 30, 2018, Plaintiff filed the Application to Proceed *In Forma Pauperis* as well as the Financial Certificate. He, however, failed to include a copy of his prison account

1

statement showing the current balance of the account pursuant to Local Rule LSR 1-2 which states as follows:

> When submitting an application to proceed in forma pauperis, an incarcerated or institutionalized person must simultaneously submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months before the date of submission of the application. If the applicant has been at the institution for fewer than six months, the certificate must show the account's activity for this shortened period.

Therefore, Plaintiff is instructed to re-file his Application and Financial Certificate to include a copy of his prison account statement in accordance with Local Rule LSR 1-2. Plaintiff shall re-file his Application no later than **June 14, 2019**.

Plaintiff is notified that when a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2). The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

**II.     Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    Instant Complaint**

Although Plaintiff's Application to Proceed *In Forma Pauperis* has yet to be granted, the Court will nonetheless screen the instant complaint. *See* ECF No. 1-1. First, Plaintiff's complaint fails to adequately identify the relevant parties so that the Court can determine whether it may exercise jurisdiction over the named individuals. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (discussing federal court's limited power of personal jurisdiction). The caption of the complaint lists Steven Grierson and Brandi Wendel as the defendants. The Court is aware that Steven Grierson is the Clerk of the Court for the Eighth Judicial District Court. The text of Plaintiff's complaint does not provide any further information regarding the defendants.

Further, Plaintiff's complaint does not provide a short and plain statement of the facts as required by Rule 8. *See* Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to satisfy Rule 8(a) is proper if the factual elements supporting a cause of action are scattered throughout the complaint and not organized into a short and plain statement. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Plaintiff generally cites the 14th Amendment and 1st Amendment as well as a variety of statutes including the Crime Victim Rights (Restitution Act) and the Freedom of Information Act. He, however, does not allege that or how his rights have been violated nor does he include specific facts giving rise to any particular claim. He does not allege any conduct on the part of either defendant. The Court, therefore, will dismiss Plaintiff's complaint with leave to amend. Plaintiff is advised that he must provide the court with a proper factual and legal basis for his claims in his amended complaint.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **denied**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Application to Proceed *In Forma Pauperis* in accordance with the provisions herein no later than **June 14, 2019**, or the Court will recommend that this action be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint correcting the noted deficiencies no later than **June 14, 2019**.

Dated this 4th day of June, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE