UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| R. WAYNE JOHNSON,<br><br>   Plaintiff,<br>v.<br>STEVEN GRIERSON, *et al.*,<br><br>   Defendants. | Case No. 2:18-cv-00969-APG-GWF<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the court on Plaintiff's failure to comply with the court's Order (ECF No. 8). This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Plaintiff is proceeding in this action *pro se*. On May 29, 2018, Plaintiff filed a "motion to enforce crime victim rights (restitution) act." *See* ECF No. 1-1. The Court informed Plaintiff that it was unclear if such filing was meant to be a complaint in a civil action, but nonetheless informed him that he did not file an application to proceed *in forma pauperis* or pay the filing fee. The Court instructed Plaintiff to file an application to proceed *in forma pauperis* or pay the filing fee no later than July 27, 2018. *See* ECF No. 3. On July 30, 2018, Plaintiff filed the Application to Proceed *In Forma Pauperis* as well as the Financial Certificate. ECF No. 4. He failed, however, to include a copy of his prison account statement showing the current balance of the account pursuant to Local Rule LSR 1-2. The Court instructed him to re-file his Application and Financial Certificate to include a copy of his prison account statement no later than June 14, 2019. *See* ECF No. 8. In addition, the Court issued a screening order even though Plaintiff's Application to Proceed *In Forma Pauperis* has yet to be granted. The undersigned found that Plaintiff's complaint failed to state a claim and allowed him until June 14, 2019 to file an amended complaint correcting the noted deficiencies.

On June 20, 2019, the court entered an Order to Show Cause (ECF No. 10) directing Plaintiff to "show cause, in writing, **no later than June 28, 2019**, why this matter should not be dismissed for a failure to file an amended complaint." Plaintiff was again warned that failure to file an amended complaint would result in a recommendation to the district judge that this case be dismissed. To date, Plaintiff has not filed an amended complaint, requested an extension of time, or taken any other action to prosecute this case. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close the case and enter judgment accordingly.

Dated this 11th day of July, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be

1 | considered a waiver of a party's right to appellate review of the findings of fact in an order or
2 | judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th
3 | Cir. 1991); Fed. R. Civ. Pro. 72.